| | |
|---|---|
| **WO** | MDR |

JDDL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jimmy Lee Cheney, | No. CV 11-816-PHX-GMS (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Arizona Department of Corrections, et al., | |
| Defendants. | |

On April 21, 2011, Plaintiff Jimmy Lee Cheney, who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In an April 25, 2011 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to pay the fee or file a complete Application to Proceed *In Forma Pauperis*.

On May 31, 2011, Plaintiff filed a "Motion to Request a Thirty Day Extension of Time to Complete Application to Proceed In Forma Pauperis with Six Month Trust Account Statement." In a June 2, 2011 Order, the Court granted the Motion and gave Plaintiff an additional 30 days to either pay the $350.00 filing fee or file a complete Application to Proceed *In Forma Pauperis*.

On July 14, 2011, Plaintiff filed a "Motion to Request this Court Order ADOC-Central Office to Send Plaintiff a Certified Trust Fund Account Statement Showing Deposits and Average Monthly Balances" (Doc. 8).

**I.     Pending Motion**

In his Motion, Plaintiff requests that the Court order the Arizona Department of Corrections (ADOC) to send Plaintiff a certified trust fund account statement. Plaintiff states that the Court has granted him "two (2) continuances and A.D.O.C. has still not produced the [account statement]." Plaintiff contends that ADOC is "fully aware" that Plaintiff needs the account statement because of the Court's April 25th Order and because Plaintiff has submitted two inmate letters.

The Court has granted Plaintiff one continuance, not two. In addition, a copy of the Court's April 25th Order was never sent to ADOC. Given the fact that the Court has had virtually no prior problems with ADOC personnel providing inmates with certified trust account statements, the Court will not intervene at this time. Although the Court is not aware of the precise steps an inmate must take to obtain a certified trust account statement, if Plaintiff submits another inmate letter to ADOC officials seeking a copy of his certified trust account statement, he should attach a copy of this Order to his request.

Although the Court will deny Plaintiff's Motion, the Court, in its discretion, will grant Plaintiff an additional 30 days within which to comply with the April 25th Order.

**II.    Warnings**

**A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

. . . .

. . . .

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of the April 25th Order and this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's "Motion to Request this Court Order ADOC-Central Office to Send Plaintiff a Certified Trust Fund Account Statement Showing Deposits and Average Monthly Balances" (Doc. 8) is **denied**.

(2) Within **30 days** of the date this Order is filed, Plaintiff must either pay the $350.00 filing fee **or** file a complete Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement from the ADOC's Central Office.

(3) If Plaintiff fails to either pay the $350.00 filing fee or file a complete Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

DATED this 20th day of July, 2011.

G. Murray Snow
United States District Judge